ON PETITION FOR REHEARING
PER CURIAM.
The appellant widow petitions for rehearing by questioning whether or not the effect of our decision is to award the widow one-half of the assets of the decedent coming in the hands of the executor for administration. Such a result was not intended. The net result of our decision is that in construing the will as a whole it was the intent and purpose of the testator to make what is commonly known as a marital deduction bequest to his wife. A marital deduction bequest in a will is a bequest of that portion of the estate determined by deducting from the value of the adjusted gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse but only to the extent that such interest is included in determining the value of the gross estate subject to certain limitations in case of terminable interest, community property and disclaimers and with the provision that the aggregate amount of the marital deduction shall not exceed 50% of the value of the adjusted gross estate, all as defined in 26 U.S.C.A. § 2056. For example, using the figures submitted on petition for rehearing, without determining that they are accurate, the decedent’s total gross estate is $169,810.25; debts and expenses are $24,619.51, leaving an adjusted *172 gross estate of $145,190.74. The maximum marital deduction is one-half of the adjusted gross estate, to-wit, $72,595.37. The property jointly owned by the testator and his wife passing to her by right of surviv-orship is $46,282.11. This latter amount is then subtracted from the maximum marital deduction, leaving a net of $26,313.26, which is the dollar amount of the portion of the testator’s estate bequeathed to the wife. Thus, the total of the bequest and the total of the jointly owned property is $72,595.37, the maximum amount of the marital deduction. This example does not take into account any estate taxes which might be payable out of or chargeable against the property interest transferred to the wife. In making distribution of the bequest to the wife the specific bequest to the daughter should, insofar as it is possible to do so, be excluded from the assets distributed to the wife to carry out the remaining intent of the testator.
The petition for rehearing is denied.
SHANNON, A.C.J., and SMITH, J., concur.
BARNS, PAUL D., Associate Judge, dissents with opinion.